# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 30, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CIARA JOHNSON, * | | |
| * | | |
| Petitioner, * | No. 21-1317V | |
| * | | |
| v. * | Special Master Gowen | |
| * | | |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Bradley S. Freedberg,* Bradley S. Freedberg, P.C., Denver, CO, for petitioner.
*Benjamin P. Warder,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On May 5, 2021, Ciara Johnson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the influenza vaccine on November 2, 2020, she suffered a Table Shoulder Injury Related to Vaccine Administration ("SIRVA"). The information in the record does not establish that she is entitled to compensation.

On October 12, 2023, petitioner filed a motion to voluntarily dismiss her petition. Petitioner's ("Pet.") Motion ("Mot.") (ECF No. 46). Petitioner states that "an investigation of the facts and science supporting her case has demonstrated to counsel that [she] will be unable to provide expert testimony," to support her position that she "is entitled to compensation." Pet. Mot. at ¶ 1. Furthermore, petitioner states that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." *Id.* at ¶ 2. Petitioner understands that a decision by the Special Master dismissing her petition will result in

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

a judgment against her and that she has also been advised such a judgment will end of her rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner also understand that her attorney may apply for fees and costs once the case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent reserves the right to question good faith and reasonable basis of petitioner's application for fees and costs, consistent with 42 U.S.C. § 300aa-15(e). Respondent does not oppose this motion. *Id.*

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). To satisfy their burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005). Under either method, however, a petitioner must also show that she has "suffered the residual effects or complications of [her] illness, disability, injury, or condition for more than six-months after the administration of the vaccine." 42 U.S.C. § 300aa-11(c)(1)(D)(i).

Petitioner is alleging a Table SIRVA. To demonstrate a Table SIRVA, petitioner must show that her pain or shoulder dysfunction began within 48-hours of the vaccination, she has no history of prior shoulder injury or dysfunction, the pain and reduced range of motion are limited to the shoulder where the vaccine was administered, and that there are "no other condition or abnormality that is present that would explain petitioner's symptoms." *See* 42 C.F.R. § 100.3(c)(10). The information in the medical records submitted by petitioner demonstrates by preponderant evidence that the cause of petitioner's shoulder pain and dysfunction past December 9, 2020 was a fracture of the proximal humerus in her left shoulder and not a SIRVA. In light of petitioner's motion requesting a decision dismissing her petition, a further investigation is unwarranted, and the petitioner's motion is **GRANTED.**

**This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).