# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 5, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *
CIARA JOHNSON,                        *
                                      *
             Petitioner,              *           No. 21-1317V
                                      *
v.                                    *           Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
             Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Bradley S. Freedberg,* Bradley S. Freedberg, P.C., Denver, CO, for petitioner.
*Benjamin P. Warder,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES & COSTS[1]

On October 19, 2023, Ciara Johnson ("petitioner") moved for final attorneys' fees and costs. Petitioner's ("Pet'r.") Motion for Final Attorney's Fees ("Fees Mot.) (ECF No. 45). On June 21, 2024, petitioner filed a motion to supplement the original motion, to include revised timesheets and expenses. Pet'r. Motion to Supplement ("Supp. Fee Mot.") (ECF No. 51). The undersigned hereby **GRANTS** petitioner's motion to supplement the motion for final attorneys' fees and costs and **GRANTS** petitioner's motion for final attorneys' fees and costs, and awards petitioner's attorney $45,255.06 in final attorneys' fees and costs.

### I.    Procedural History

On May 5, 2021, petitioner filed her claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the influenza ("flu") vaccine she

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

received on November 2, 2020 caused her to develop a Table SIRVA.  *Id.*  On October 18, 2023, petitioner filed a stipulation for dismissal and the undersigned entered a Decision to dismiss petitioner's claim.  Decision (ECF No. 47).

Petitioner filed her motion for final attorneys' fees and costs on October 19, 2023, requesting that her attorney be awarded an amount of $45,755.25 in attorneys' fees and $451.16 in attorneys' costs.  Fee Mot. at 1-2; Supp. Fee Mot. at 1.  Respondent filed a response to petitioner's motion for final attorneys' fees and costs on November 14, 2023, stating that "the statutory requirements for an award of attorneys fees and costs" have been met in this case, and requested that the special master exercise discretion in determining a reasonableness of the fees and costs award.  Resp't. Response at 2.  Respondent also had no objection to petitioner's motion to supplement.  Resp't Response to Motion to Supplement (ECF No. 52).

Accordingly, this matter is ripe for adjudication.

## II.     Legal Standard for Attorneys' Fees and Costs

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1).  Even though this case was dismissed by a stipulation, petitioner received a covered vaccine and alleged a Table injury.  Thus, there was reasonable basis for bringing her claim.  Further, petitioner's affidavit provided a belief that the vaccine she received caused her pain in her left shoulder.  Pet'r. Affidavit (ECF No. 6).  Further, respondent did not question reasonable basis or good faith.  Accordingly, this claim was brought with reasonable basis and good faith.

Petitioners "bea[r] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.,* 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." Id. at 1552. The special master may reduce a request sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.,* 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs.  *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (1992).  A request for costs incurred by either counsel or the petitioner himself should include supporting documentation, such as invoices from experts and itemized receipts.  Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

2

a. **Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs*., 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.,* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Succinctly stated, the forum rate is the "default rate" unless there is a "very significant difference" between local and forum rates. For cases in which forum rates apply, *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.,* No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2025, which can be accessed online.

The hourly rates petitioner is requesting for her attorneys, Mr. Freedberg and Mr. Pearsall, which were supplied in her motion to supplement, are consistent with the hourly rates they have been previously awarded. *See Greenhaw v. Sec'y of Health & Hum. Servs.,* No. 21-2032V, 2024 WL 4044101 (Fed. Cl. Spec. Mstr. June 18, 2024); *see also Ward v. Sec'y of Health & Hum. Servs.,* No. 19-1621V, 2021 WL 3408511 (Fed. Cl. Spec. Mstr. June 30, 2021). Accordingly, no adjustment to petitioner's attorneys' hourly rates is necessary.

b. **Reasonable Number of Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Petitioner submitted a supplemental billing invoice which provides details regarding the tasks performed and time expended on each task.  Supp. Fee Mot, Ex. B.  Petitioner states that the revised billing statement revises certain tasks to eliminate non-chargeable items, reduced paralegal activities to a paralegal rate, and provided additional detail to time.  *Id.* at 1.  However, I have noticed in multiple instances that counsel still charged full rate for activities that are paralegal tasks.  For example, on February 17, 2021, Mr. Freedberg charged a total of 1.25 hours, with a quarter of it "searched for and downloaded the records request forms for her

3

providers," and this portion of this time was billed at his full attorney rate. Ex. B at 4. Then again on February 26, 2021, Mr. Freedberg charged his full attorney rate for filling out record request forms. *Id.* at 5. There are also time notations where Mr. Freedberg charged his full attorney rate to "prepared exhibits" for filing. *See e.g.* Ex. B at 7,8 ("5/20/21-Prepared seven exhibits worth of medical records for filing; 6/23/21-Prepared Exhibit 8 for filing; 1/22/22-Prepared a new exhibit; 2/21/22-Prepared the new exhibit and notice of filing."). The billing statement in fact only includes two adjustments down of these paralegal tasks to a paralegal rate. Counsel has repeatedly been informed about this billing practice and had adjustments made by other special masters. *See Hergett v. Sec'y of Health & Hum. Servs.,* No. 17-2008V, 2020 WL 1080295, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2020); *Rybicki v. Sec'y of Health & Hum. Servs.,* No. 20-332V, 2023 WL 2440377 (Fed. Cl. Spec. Mstr. Mar. 10, 2023).

In evaluating a motion for attorneys' fees and costs, special masters "need not, and indeed should not, become green-eyeshade accounts." *Fox v. Vice,* 563 U.S. 826,838, 131 S. Ct. 2205 (2011). In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. *See Florence v. Sec'y of Health & Human Servs.,* No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice,* 563 U.S. 826, 838 (2011). **Accordingly, the undersigned finds that a reduction in the overall attorneys' fees by 2% appropriate, resulting in a reduction of $915.10.**

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner is requesting her attorneys' be reimbursed for the cost of the filing fee, $402.00, and $49.16 for the costs of obtaining petitioner's medical records, for a total of $415.16. These costs are well documented and are costs routinely associated with a claim in the Vaccine Program. Accordingly, no adjustment to petitioner's attorneys' costs is necessary.

### III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $45,755.25 |
| (Reduction of Fees) | -$915.10 |
| **Total Attorneys' Fees Awarded** | $44,839.90 |
| | |
| Attorneys' Costs Requested | $415.16 |
| (Reduction of Costs) | -- |
| **Total Attorneys' Costs Awarded** | $451.16 |
| | |
| **Total Attorneys' Fees and Costs** | $45,255.06 |

**Accordingly, petitioner is awarded final attorneys' fees and costs in the total amount of $45,255.06 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

5